Filed 4/1/15  P. v. Williams CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUCINE WILLIAMS,<br><br>    Defendant and Appellant. | B256916<br><br>(Los Angeles County<br>Super. Ct. No. YA079065) |

APPEAL from a judgment of the Superior court of Los Angeles County.  Steven R. Van Sicklen, Judge.  Affirmed.

Mark S. Devore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Between 1983 and 2005, Lucine Williams suffered 20 criminal convictions—13 of them for felonies—including two for escape and, most recently, five for drug-related offenses. He was granted probation seven times and sentenced to various jail and prison terms on all other occasions.

In May 2011, pursuant to a negotiated disposition, Williams entered a plea of no contest to possession of cocaine base for sale (Health & Saf. Code, 11351.5) in exchange for dismissal of one count of sale of cocaine base and imposition of three years formal probation, among the terms of which were to obey all laws, report regularly to a probation officer, pay approximately $1,750 in specified fines, and complete 60 days of community service.

By April 2014, Williams had failed several times to report, paid only $30 of his fines, completed no community service, and had been convicted of welfare fraud. (Welf. & Inst. Code, § 10980, subd. (c).) On April 17, 2014, the trial court terminated his probation and sentenced him to three years in state prison, to be served in the county jail pursuant to Penal Code section 1170, subdivision (h), with a sentencing credit of 101 days for time served.

Without seeking or obtaining a certificate of probable cause (Pen. Code, § 1237.5), Williams timely appealed, challenging only the sentence imposed.

We appointed counsel to represent Williams on appeal. After examining the record, appointed counsel filed an opening brief certifying he was unable to identify any issue for appellate review and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.) On December 17, 2014, we sent letters to Williams and appointed counsel, directing counsel to immediately forward the appellate record to Williams and advising Williams that within 30 days he could personally submit any contentions or issues that he wished us to consider. Counsel submitted a declaration confirming that Williams was advised of his right to personally file a supplemental brief. No such brief has been submitted.

We have examined the entire record and are satisfied that appellant's counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106,

109-110 and *People v. Wende*, *supra*, 25 Cal.3d at p. 441.  Williams's no contest plea and failure to obtain a certificate of probable cause limit the potential scope of his appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5."  (Cal. Rules of Court, rule 8.304(b); see Pen. Code, § 1237.5.)  The record fails to demonstrate any such issue exists.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.[*]


---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.